UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLAN BECK, et al., | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
| v. | )    2:13-cv-00090-JAW |
| | ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., | ) ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION
RE: MOTION TO DISMISS (ECF NO. 31)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Federal National Mortgage Association and Mortgage Electronic Registration Systems, Inc., move to dismiss with prejudice Plaintiffs' Complaint, in its entirety as it pertains to them, for failure to state a claim upon which relief can be granted.[1] Plaintiffs' Complaint contains three counts (I, III and IV)[2] directed at Defendants Federal National Mortgage Association and Mortgage Electronic Registration Systems, Inc. These two defendants, like CitiMortgage, Inc., were not participants in the original loan. The original lender is alleged to have been Provident Funding Associates, L.P. All three defendants in this action were sued in count I, breach of contract, count III, action to quiet title, and count IV, an action for declaratory relief regarding the enforceability of the mortgage. For the same reasons set forth in my recommended decision on CitiMortgage, Inc.'s motion to dismiss counts I, III, and IV (ECF No. 21), I now also

---

[1] These two defendants also move for dismissal based upon insufficiency of service of process. While the returns of service filed in this case were not sufficient to support the entry of default, at this juncture it would be counterproductive to order dismissal for insufficiency of service of process. I decline to recommend that the court pursue that ground for dismissal.

[2] Count II of the complaint states a claim against CitiMortgage, Inc. only under RESPA, 12 U.S.C. §§ 2601 et seq. That count remains viable at this juncture.

recommend that the Court grant the motion brought by Federal National Mortgage Association and Mortgage Electronic Registration Systems, Inc.

## Discussion

I will not repeat the complaint allegations nor the legal standard governing a motion to dismiss such as this because they are fully set forth in my first recommendation and need not be repeated here.  Nor do I intend to repeat my lengthy discussion and recommendation regarding the issue of the plaintiffs' standing to bring suit, other than to note (1) I am not recommending dismissal under Rule 12(b)(1);  and (2) the First Circuit's recent decision in Woods v. Wells Fargo Bank, N.A. appears to reinforce my conclusion that the Becks would have standing to bring this lawsuit.  ___ F.3d ___, No. 12-1942, 2013 WL 5543637, at *3, 2013 U.S. App. Lexis 20570, at *9-10 (1st Cir. Oct. 9, 2013) ("Thus, claims that merely assert procedural infirmities in the assignment of a mortgage . . . are barred for lack of standing.  In contrast, standing exists for challenges that contend that the assigning party never possessed legal title and, as a result, no valid transferable interest ever exchanged hands.") (citations omitted).  Parenthetically, I also note that the Woods case reinforces my earlier recommendation to dismiss these three claims on the merits.

The legal controversy that the Becks conceive of is a right to have their mortgage declared null and void, essentially because the original mortgagee assigned the mortgage to MERS and because their securitized obligation to pay their promissory note has been used in combination with other mortgages (in the Becks' words "bundled into a group of Notes" by FANNIE MAE, Compl. ¶ 12) to create an investment product that was sold to unidentified investors.  However, as a matter of law (see Recommended Decision, ECF No. 21 at 12-13; Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 290 (1st Cir. 2013)), the separation of the

mortgage from the note did not void or nullify the mortgage and an assignment of the mortgage to or through MERS is not per se invalid for purposes of any potential foreclosure action that might be brought in the future, should the Becks default under the note. Consequently, the allegations put forth by the Becks, which are for the most part legal conclusions rather than factual allegations, fail to state a claim for which relief can be granted.

## Conclusion

For the reasons set out above, I recommend that the Court grant the motion to dismiss (ECF No. 31) and dismiss counts one, two, and four of the complaint to the extent they are directed against Federal National Mortgage Association and Mortgage Electronic Registration Systems, Inc.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 15, 2013